## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZEUS INDUSTRIAL PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. |
| ) | |
| JUNKOSHA INC. and JUNKOSHA USA INC., ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Zeus Industrial Products, Inc. ("Zeus") brings this action against Defendants

Junkosha Inc. and Junkosha USA Inc. (collectively, "Junkosha" or "Defendants") for declaratory

judgment of non-infringement and invalidity of United States Patent No. 9,446,171 ("the '171

patent").

## PARTIES

1.      Zeus is a corporation organized and existing under the laws of the State of New

Jersey with its principal place of business located at 620 Magnolia Street, Orangeburg, South

Carolina, 29115.

2.      Zeus is an innovator and manufacturer in the field of high-performance polymer

extrusions. It manufactures, markets, and distributes a variety of polymer-based products (such

as nano fiber membranes, fluoropolymer tubing, and liquid crystal polymer monofilaments) for

use in such diverse fields as medical, aerospace, electrical, and automotive.

3.      On information and belief, Junkosha Inc. is a Japanese corporation and the parent

company of Junkosha USA, Inc.

4.      Junkosha USA, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 9 Red Clay Ct., Kennett Square, Chester, Pennsylvania, 19348.

5.      On information and belief, Junkosha Inc. does business in the United States, including through its affiliate Junkosha USA, Inc.

6.      On information and belief, Junkosha manufacturers, sells, and markets polymer-based products such as electric insulation tubes, fluoropolymer optical fibers, and fluoropolymer tubing.

## THE PATENT-IN-SUIT

7.      On September 20, 2016, the '171 patent, titled "Heat-Shrinkable Tube Having Tearability," issued to Masahiro Suzuki, Kohei Yuri, and Masaru Miyoshi. The '171 patent is attached as Exhibit A.

8.      According to the Abstract of the '171 patent, the '171 patent is directed to "a heat-shrinkable tube having tearability, including a mixture of a fluorine resin and a different kind of resin from the fluorine resin . . . ."

9.      Junkosha Inc. is the assignee of the '171 patent.

## JURISDICTION AND VENUE

10.      This action arises under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, based on an actual controversy between Zeus and Junkosha for claims under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* Zeus is seeking relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

11.      This Court has personal jurisdiction over Junkosha Inc.

12.     This Court has personal jurisdiction over Junkosha USA, Inc.

13.     Junkosha USA, Inc. is a Delaware corporation, maintains a registered agent in this District, and, on information and belief, regularly conducts business in this District.

14.     On information and belief, Junkosha conducts substantial business in this District, regularly solicits business from, does business with, and derives value from goods and services provided to customers residing or organized in this District.

15.     On information and belief, Junkosha regularly conducts business in this District and part of the business Junkosha conducts in this District includes the sale and marketing of its product JUNFLON® Peelable Heat-Shrink Tube.

16.     On information and belief, JUNFLON® Peelable Heat-Shrink Tube is a commercial embodiment of the '171 patent.

17.     Junkosha, through its interactive website http://www.junkosha.co.jp/english/, which can be directly accessed in and used to order Junkosha products from this District, touts the alleged infringement of its Japanese counterpart to the '171 patent by Zeus's products.

18.     Junkosha, through its actions, has caused substantial injuries in this District.

19.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b).  Junkosha Inc. and Junkosha USA, Inc. are each subject to personal jurisdiction in this District, and thus reside in this District under 28 U.S.C. § 1391.

## BACKGROUND

### Zeus's FluroPEELZ® Products

20.     Zeus is an industry leader in the manufacturing of fluoropolymer-based products.

21.     Zeus has expended substantial revenue researching, developing, launching, and commercializing its fluropolymer-based FluroPEELZ® products, a family of heat shrinkable tubing products.

22.     FluroPEELZ® products may be used, among other things, as tubing forming the outermost layer of medical devices (e.g., a catheter).

23.     For example, during catheter construction, the FluoroPEELZ® peelable heat shrink product sold by Zeus in the United States may be used to form the outermost layer of the catheter. This outermost layer, which aids in the construction of the catheter but is not necessary for medical use, may then be easily peeled away from the device, leaving the catheter ready for use.

24.     Zeus manufactures, markets, and sells FluoroPEELZ® products in the United States.

**The Presence of an Actual Case or Controversy**

25.     Zeus and Junkosha are business competitors.

26.     Junkosha has expressed an intent to enforce the '171 patent against Zeus.

27.     Since at least June 11, 2015, Junkosha has sent written communications to Zeus asserting its position that Zeus's products infringe Junkosha's foreign patents, which are counterparts of the '171 patent.

28.     Through its written communications with Zeus, Junkosha has repeatedly alerted Zeus of Junkosha's efforts to obtain patent protection in the United States and of the then-pending application for the '171 patent.

29.     In addition, Junkosha has directed Zeus to contact Joe Rowan, who, on information and belief, is the CEO of Junkosha USA, Inc., regarding Junkosha's allegations of

patent infringement. At Junkosha's direction, Zeus's employees have engaged in communications with Joe Rowan regarding Junkosha's allegations. On information and belief, Joe Rowan is a representative of Junkosha, Inc. in the United States.

30.     In a letter dated August 19, 2016, Junkosha informed Zeus of the allowance of the '171 patent by the United States Patent & Trademark Office and demanded, among other things, that Zeus stop marketing in the United States Zeus's FluoroPEELZ® products that are allegedly covered by the '171 patent. According to Junkosha, in the event Zeus fails to meet such demands by Junkosha, Junkosha will consider legal action against Zeus.

31.     In a letter dated September 22, 2016, two days following the issuance of the '171 patent, Junkosha communicated that it was "very disappointed" that Zeus's marketing strategy in the United States remained unchanged and that there were ongoing complete disagreements between the parties.

32.     On information and belief, Junkosha has monitored and continues to monitor Zeus's sales and marketing activities in the United States.

33.     A substantial controversy exists between Zeus and Junkosha, which are parties with adverse legal interests, regarding the validity and alleged infringement of the '171 patent, and this controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

34.     Zeus brings this action to lift the cloud created by the imminent threat of legal action by Junkosha against Zeus for alleged infringement of the '171 patent. Junkosha's threat of legal action has injured Zeus and poses a substantial risk of future injury to Zeus. The continued existence of Junkosha's threat harms Zeus's manufacturing, marketing, offer for sale, sale, and use of its FluoroPEELZ® products.

35.     Zeus is in fear of imminent legal action by Junkosha with regard to the '171 patent and Zeus's FluoroPEELZ® products.

36.     This Court may and should exercise its broad discretion to adjudicate this action under the Declaratory Judgment Act.  Such adjudication will serve the underlying purpose of the Declaratory Judgment Act by resolving legal disputes between Zeus and Junkosha as it relates to the availability of FluoroPEELZ® products.  These disputes should be resolved efficiently and economically in this action, deciding the controversies between the parties with certainty, completeness, and finality.

## COUNT I

### (Declaratory Judgment of Non-Infringement of the '171 Patent)

37.     Paragraphs 1 to 36 are incorporated herein as set forth above.

38.     An actual and justiciable case or controversy exists between Zeus and Junkosha regarding the alleged infringement of the '171 patent by certain of Zeus's FluoroPEELZ® products.

39.     The manufacture, offer for sale, sale, or use of Zeus's FluoroPEELZ® products has not directly or indirectly infringed the sole independent claim (claim 1) or any dependent claim of the '171 patent, either literally or under the doctrine of equivalents.

40.     By way of example and without limiting the grounds of non-infringement that will be asserted, Zeus's FluoroPEELZ® products do not infringe the sole independent claim of the '171 patent because the patent does not disclose a viable or reasonably accessible means of determining whether an accused product infringes the claimed invention.

41.     By way of example and without limiting the grounds of non-infringement that will be asserted, Zeus's FluoroPEELZ® products do not infringe the sole independent claim or

any dependent claim of the '171 patent because Zeus's FluoroPEELZ® products do not contain one or more limitations of these claims.

42.     Zeus seeks a declaratory judgment that making, offering for sale, selling, or using its FluoroPEELZ® products does not and will not infringe any valid claim of the '171 patent.

## COUNT II

### (Declaratory Judgment of Invalidity of the '171 Patent)

43.     Paragraphs 1 to 42 are incorporated herein as set forth above.

44.     An actual and justiciable case or controversy exists between Zeus and Junkosha regarding the invalidity of the '171 patent.

45.     The claims of the '171 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

46.     By way of example and without limiting the grounds of invalidity that will be asserted, the sole independent claim of the '171 patent is invalid under 35 U.S.C. § 102 and/or § 103 based on the disclosure of Japanese Patent Application No. 06-194283 by Domoto Hiroko or Japanese Patent Application No. 07-321817 by Seki Ikuo and Abe Masahiro alone or in combination with additional prior art references, including but not limited to Zhimian Qian, Properties, Processing and Applications of Fluororesins (IV), *Chemical Production and Technology*, Vol. 12, No. 2, pp. 8-13 (2005).

47.     By way of example and without limiting the grounds of invalidity that will be asserted, the sole independent claim of the '171 patent is invalid under 35 U.S.C. § 112 because the specification fails to either enable or provide written description support for the "comprising at least a fluorine resin" limitation of independent claim 1. The '171 patent fails to provide a

description encompassing the full scope of the limitation which would allow a person of ordinary skill in the art to practice the invention's full scope without undue experimentation and which would demonstrate that the inventors were in possession of the full scope of their purported invention at the time of filing.

48.     By way of example and without limiting the grounds of invalidity that will be asserted, the sole independent claim of the '171 patent is invalid under 35 U.S.C. § 112 based on indefiniteness because the patent does not disclose a viable or reasonably accessible means of determining whether an accused product infringes the claimed invention.

49.     Zeus seeks a declaratory judgment that the sole independent claim and all dependent claims of the '171 patent are invalid.

## JURY DEMAND

50.     Zeus demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Zeus respectfully requests that this Court enter the following relief:

a.      A declaration, under 28 U.S.C. § 2201, that the manufacture, offer for sale, sale, or use of Zeus's FluoroPEELZ® products before expiration of the '171 patent does not and will not infringe, literally or under the doctrine of equivalents, any valid claim of the '171 patent;

b.      A declaration, under 28 U.S.C. § 2201, that the sole independent claim (Claim 1) and all dependent claims of the '171 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112;

    c.        A permanent injunction prohibiting and enjoining Defendants and their agents, representatives, attorneys, employees, and those persons in active concert or participation with them who receive actual notice herefrom from (1) threatening or initiating an action for infringement against Zeus or its affiliates, customers, dealers, or suppliers, or any prospective or present sellers, dealers, distributors or customers of Zeus; (2) charging or threatening any of them either orally or in writing with infringement of the '171 patent; or (3) stating or implying that Zeus's FluoroPEELZ® products infringe the '171 patent or that the '171 patent is valid and enforceable;

    d.        An adjudication that this is an exceptional case under 35 U.S.C. § 285, and an award to Zeus of its attorneys' fees, expenses of litigation, and costs; and

    e.        All other and further relief that the Court deems just and proper.

Dated: October 3, 2016

*Of Counsel for Zeus Industrial Products, Inc.*:

William M. Ragland, Jr.
(Georgia Bar No. 591888)
Louis T. Isaf
(Georgia Bar No.384887)
Chittam U. Thakore
(Georgia Bar No. 890965)
**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**
Atlantic Station
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
wragland@wcsr.com
lisaf@wcsr.com
cthakore@wcsr.com
(404) 872-7000
(404) 888-7490 (fax)

Respectfully submitted,

*/s/ Dana K. Severance*
Dana K. Severance (#4869)
**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
(302) 252-4320
(302) 252-4330 (Fax)
dseverance@wcsr.com

*Attorney for Plaintiff Zeus Industrial Products, Inc.*